UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DAVID STEVEN BRAUN,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 13-0090 (ESH) |
| **STATE OF MONTANA,** *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff David Steven Braun, proceeding *pro se*, has filed a complaint against the State of Montana, Verizon Wireless, Google, Inc., JP Morgan, Facebook, Rotary International, and Gallatin County. (Compl. at 1, Jan. 17, 2013). Although mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519 (1972), *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), it is clear that the Court lacks subject matter jurisdiction over plaintiff's claims.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). A district court may dismiss a complaint *sua sponte* prior to service on the defendants, pursuant to Federal Rule of Civil Procedure 12(h)(3), when it is evident that the court lacks subject-matter

jurisdiction. *See Evans v. Suter*, No. 09-5242, 2010 WL 1632902 (D.C. Cir. Apr. 2, 2010) (citing *Hurt v. U.S. Court of Appeals for the D.C. Cir.*, No. 07-5019, 2008 WL 441786 (D.C. Cir. Jan. 24, 2008); *Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 326 F.3d 982, 985 (9th Cir. 2003); *Zernial v. United States*, 714 F.2d 431, 433-34 (5th Cir. 1983)).

Such is the case with plaintiff's complaint. Plaintiff is a resident of Big Sky, Montana. His complaint consists of a long list of alleged injuries, ranging from electronic and physical surveillance, improper use of personal information on-line, credit card fraud, his inability to carry a concealed weapon, mistreatment by the Montana Medical review board, improper use of personal information, spreading of inaccurate rumors, denial of access to medical treatment, and denial of access to law enforcement, but no specific legal claims. (Compl. at 1-5.) Assuming without deciding that plaintiff has viable legal claims against defendants, the allegations in the complaint do not present a federal question nor bring this case within the Court's diversity jurisdiction.

Accordingly, the Court will dismiss this case *sua sponte* pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately.

                                              /s/
                                ELLEN SEGAL HUVELLE
                                United States District Judge

DATE: January 25, 2013